**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MARILYN JOHNSON, | Case No. 0:10-CV-02305 DWF/JJG |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS** |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | |
| Defendant. | |

---

Diversified Adjustment Service, Inc. (hereinafter "Diversified") submits this memorandum in support of its motion for sanctions against Plaintiff's attorney.

## INTRODUCTION

Diversified requests that this Court impose monetary sanctions against Plaintiff's attorney. Plaintiff's attorney should be sanctioned because this lawsuit lacks merit and demonstrates bad faith.

## BACKGROUND

The facts underlying this lawsuit are discussed in Defendant's Memorandum in Support of its Motion for Summary Judgment [Doc. # 14] and will not be repeated in detail here. In short, Plaintiff's current attorney filed a petition in bankruptcy on her behalf on January 30, 2010 (a Saturday). Neither Plaintiff nor her attorney bothered to notify her creditors of the bankruptcy. On February 3, 2010, unaware of the bankruptcy, Diversified sent a Plaintiff a letter demanding payment on an account placed with Diversified by Hennepin County Medical Center. The bankruptcy court mailed notice of

the bankruptcy to Plaintiff's creditors on February 4, 2010, and Diversified stopped all efforts to collect on any accounts owing by Plaintiff immediately upon notification of the bankruptcy.  Now Plaintiff, through her attorney, brings a lawsuit alleging the February 3, 2010 letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the bankruptcy stay provided by 11 U.S.C. § 362.

On July 7, 2010, counsel for Diversified, Michael Klutho, sent Plaintiff's attorney an email requesting that he voluntarily dismiss this action on the ground that Diversified had no notice of the bankruptcy at the time the letter was sent because no notice to creditors had been provided yet by Plaintiff, her lawyer, or the bankruptcy court.  The email notified Plaintiff's attorney of Diversified's intent to seek sanctions. (Williams Aff. Ex. 3.)  Plaintiff refused.  (Williams Aff. Ex. 4.)  Thereafter, on January 13, 2011, Diversified's attorney served this motion and the companion summary judgment motion on Plaintiff's attorney with a renewed request that the matter be dismissed.  Twenty-one days has passed and Plaintiff has not dismissed the lawsuit.

## ISSUE PRESENTED

Plaintiff's attorney (who also represented her in the bankruptcy) knew that none of her creditors received notice of the bankruptcy before February 4, 2010, and that Diversified's letter to Plaintiff was sent on February 3, 2010.  Yet Plaintiff's attorney served a complaint alleging that Diversified knowingly contacted her while she was represented by an attorney and willfully violated the bankruptcy stay when the undisputed facts are otherwise.  Does Plaintiff's attorney's conduct violate Rule 11 of the Federal Rules of Civil Procedure and the FDCPA?

## **ARGUMENT**

**PLAINTIFF'S ATTORNEY SHOULD BE SANCTIONED FOR BRINGING THIS LAWSUIT IN BAD FAITH.**

Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> (b) Representations to the Court.
>
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

A Court may order sanctions against any party who violates Rule 11 after "notice and a reasonable time to respond." Fed. R. Civ. Pro. 11(c). A motion for sanctions must be made separately from any other motion and served on the opposing party at-least 21 days prior to being filed with the Court. *Id.* This motion complies with these requirements.

The FDCPA also provides for sanctions in appropriate circumstances:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the

>court may award to the defendant attorney's fees reasonable
>in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

The claims made in this lawsuit violate Rule 11 and were brought in bad faith and for the purpose of harassment. Plaintiff's attorney here, who also filed her prior bankruptcy, knew that that the bankruptcy was filed by him on Saturday, January 30, 2010, that notice was not mailed to creditors by the bankruptcy court until February 4, 2010, that he had given <u>no notice</u> to any creditor, including Diversified, and that Diversified's letter was dated February 3, 2010, the day before any notice was ever sent to it. Nevertheless, he makes the following allegations that are not only "unsupported" but are completely contrary to the undisputed facts:

- "[Diversified] received notice of Johnson's Chapter 7 bankruptcy." (without specifying when)

(Compl. [Doc. # 2] ¶ 10). This clearly implies that Diversified had notice of the bankruptcy before sending the letter. This is untrue and Plaintiff's attorney knows this.

- "[Diversified] violated 15 U.S.C. § 1692b(6) by contacting Johnson after knowing she was represented by an attorney." (again, without specifying when Diversified learned of the representation)

(*Id.* ¶ 13). Diversified had no notice Plaintiff was represented by an attorney until receiving notice of the bankruptcy. Diversified did not receive notice of the bankruptcy until <u>after</u> it sent the subject "offending" letter. Plaintiff's attorney knows this.

- "The foregoing **intentional** and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA."

4

(*Id.* ¶ 24 (emphasis added).)  The facts as known to Plaintiff's attorney demonstrate no intentional violation.

- "The foregoing **willful** acts of Defendant constitute a violation of the bankruptcy stay provisions of 11 U.S.C. § 362."

(*Id.* ¶ 27.)  Again, the facts as known to Plaintiff's attorney demonstrate no willful acts.

Plaintiff's Complaint violates Rule 11 and section 1692k(a)(3) of the FDCPA. Plaintiff's attorney knows the factual allegations he set forth in the Complaint have no evidentiary support.  The facts unequivocally show that any violation of the bankruptcy stay by Diversified was completely unintentional and occurred only because Plaintiff's attorney chose to forego notifying Plaintiff's creditors that he had filed her bankruptcy petition.  Yet Plaintiff alleges intentional violations of the FDCPA and a willful violation of the bankruptcy stay.  Such conduct is an abuse of legal process, is frivolous, and should be sanctioned.

It is almost as if Plaintiff's attorney orchestrated this lawsuit.  He filed the bankruptcy petition on a Saturday with no warning to Plaintiff's many creditors.  And now he attempts to extract money from a creditor's collector who sent one letter before notice of the bankruptcy had even been sent.  This is the type of harassment prohibited by Rule 11 and 15 U.S.C. § 1692k(a)(3).   Accordingly, Diversified respectfully requests that this Court enter sanctions against Plaintiff's attorney in the amount of Diversified's legal fees and costs to date.

## CONCLUSION

Plaintiff's complaint was brought to harass, contains known falsehoods, and is frivolous. Accordingly, Diversified respectfully requests that this Court order sanctions against Plaintiff's attorney in the amount of Diversified's attorneys fees and costs to date.

**BASSFORD REMELE**
*A Professional Association*

Dated:  February 15, 2011         By s/ Jessica Schulte Williams
    Michael A. Klutho (License #186302)
    Jessica Schulte Williams (License #313993)
Attorneys for Defendant
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
(612) 333-3000
mklutho@bassford.com
jwilliams@bassford.com

995549